Douglas S. Weinstein (GA Bar No. 746498)
dweinstein@weinsteiniplaw.com
Weinstein IP Law LLC
130 Cone Street, Suite A
Atlanta, Georgia 30303
Telephone:    (470) 889-7337

Todd A. Sullivan
tsullivan@hayes-soloway.com
Hayes Soloway P.C.
175 Canal Street
Manchester, NH 03101
Telephone (603)668-1400

Attorneys for Plaintiff
ANIMATION BLOCK LLC

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANIMATION BLOCK LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>BLOCK PARTY ANIMATION<br>LLC,<br><br><br>                    Defendant. | Case No.<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, AND CYBERSQUATTING**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Animation Block LLC ("Animation Block"), for its complaint

against Defendant Block Party Animation LLC ("Block Party Animation"), alleges the following:

<u>**INTRODUCTION**</u>

1.      Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed over more than 20 years in its distinctive ANIMATION BLOCK and ANIMATION BLOCK PARTY word marks. Due to this lengthy use and Plaintiff's substantial investment in advertising and promotion, Plaintiff's trademark has gained a reputation as being a source of high-quality entertainment, promotion, and programming services for animation.

2.      The goodwill and reputation for quality that Animation Block has worked so hard to cultivate has been threatened by Block Party Animation's actions. Block Party Animation has used and continues to use its BLOCK PARTY AND BLOCK PARTY ANIMATION word mark and logo, which is confusingly similar to Animation Block's ANIMATION BLOCK and ANIMATION BLOCK PARTY word marks, to offer competing services to many of the same consumers served by Animation Block. Unless Defendant is enjoined from using BLOCK PARTY and BLOCK PARTY ANIMATION, such use will continue to cause consumer confusion and will cause irreparable harm to Animation Block.

3.      This action seeks injunctive relief, damages, and other appropriate relief arising from Block Party Animation's willful acts of trademark infringement, dilution, unfair competition, and cybersquatting.

<u>**THE PARTIES**</u>

4.      Plaintiff Animation Block is an entertainment company registered in New York providing animated programming available through television, download, or streaming, conducting film festivals featuring cartoons and short

films, and providing promotional services to exhibit independent, professional, and student animation through a website featuring an online portfolio of animation artists.

5.    Animation Block is a New York limited liability company, founded in 2004, and with an address at PO Box 289, New York, NY, 10159.

6.    Defendant Block Party Animation is a limited liability company formed in Georgia in 2024, with a principal office at 1978 N Ridgeway Rd. NE, Atlanta, Georgia, 30345.

7.    The registered agent of Block Party Animation is Fatimah Abdullah at the same address as Block Party Animation in Paragraph 6 above.

## JURISDICTION AND VENUE

8.    This is an action for trademark infringement, dilution, unfair competition, and unfair business practices under the Lanham Act, 15 U.S.C. § 1051, et seq. and for cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).  This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. §§ 1114, 1121, and 1125, and under 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act. Subject matter jurisdiction over Animation Block's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367, as the Court has supplemental jurisdiction over the state law claims.

9.    This action also includes claims under Georgia law for trademark infringement and unfair competition and a claim of violation of the Georgia Uniform Deceptive Practices Act, O.C.G.A. §§ 10-1-270 to 275.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (d).

11.    This Court has personal jurisdiction over Block Party Animation as its principal place of business and headquarters is in the Northern District of Georgia in Atlanta, Georgia. Block Party Animation's acts of infringement of Animation Block's mark were committed in the Northern District of Georgia, within the jurisdiction of this Court. Block Party Animation has advertised its services under the infringing mark in this state and has transacted business by selling and advertising its services to animation studios and entertainment companies over the internet within this state that offer its services to the public under the infringing mark. Block Party Animation has engaged in substantial activity within Georgia and this judicial district and has had substantial contacts there, having purposefully availed itself of the privilege of conducting activities in the forum. Block Party Animation has caused injury to Animation Block within Georgia and within this judicial district.

## FACTS COMMON TO ALL CLAIMS AND RELIEF

### Animation Block's Marks

12.    The allegations of paragraphs 1-11 are incorporated for this Count One as though fully set forth herein.

13.    Animation Block is the owner of U.S. Trademark Reg. No. 3,883,048 (the "'048 Mark") for the service mark "ANIMATION BLOCK PARTY" and U.S. Trademark Reg. Nos. 3,065,925 and 7,172,372, (the "'925 Mark" and "'372 Mark," respectively) each for the service mark "ANIMATION BLOCK" (collectively the "Marks").

14.    Animation Block uses these Marks in connection with its business as an entertainment company providing animated programming available through television, download, or streaming, conducting film festivals

featuring cartoons and short films, and providing promotional services to exhibit independent, professional, and student animation through a website featuring an online portfolio of animation artist

15.    The '048 Mark is registered in International Class 041 for conducting entertainment exhibitions in the nature of conducting film and digital exhibition festivals featuring animation, cartoons and short films.

16.    Exhibit A is a true copy of Animation Block's registration of the '048 Mark, which has been in use in commerce continuously since at least November 30, 2004.

17.    The '925 Mark is registered in International Class 41 for entertainment in the nature of conducting film festivals featuring animation, cartoons and short films.

18.    Exhibit B is a true copy of Animation Block's registration of the '925 Mark, which has been in use in commerce continuously since at least November 30, 2004.

19.    The '372 Mark is the same word mark as the '925 Mark. However, the '372 Mark is registered in both International Classes 41 and 35. The registration of the '327 Mark in Class 41 is for providing television programming; providing live animated comedy show; entertainment in the nature of conducting film festivals featuring animation, cartoons and short films; entertainment services, namely, a unique program combining the provision of online animated shorts and conducting virtual after-parties for others; providing online video programs via television, downloading, or streaming.

20.    The registration of the '372 Mark in Class 35 is for providing promotional services dedicated to exhibiting the world's best independent, professional and student animation, namely, providing a website featuring the

- 5 -

online portfolio of animation artists to showcase their talent.

21.    Exhibit C is a true copy of Animation Block's registration of the '372 Mark, which has been in use in commerce continuously since at least September 9, 2004.

22.    The registrations for the Marks are valid and subsisting and have never been cancelled.  Animation Block's right to use the '048 mark and the '925 mark is incontestable under the provisions of 15 U.S.C. § 1065.

23.    Animation Block's federally registered Marks are inherently distinctive as applied to Animation Block's services and exclusively identifies Animation Block's services to consumers. Animation Block's federally-registered Marks were distinctive and signified Animation Block as a source of services before Block Party Animation registered the internet domain blockpartyanimation.com or started using BLOCK PARTY.

24.    Animation Block's services are sold and provided under the Marks throughout the United States and internationally.

25.    Animation Block advertises and promotes its services under the Marks to consumers, sponsors, companies, and artists throughout the United States and elsewhere throughout the world.

26.    Animation Block's services have been featured in dozens of national newspaper and magazine articles, such as *The New Yorker*, *The Wall Street Journal*, *AMNY*, and *IndieWire*, has had a Wikipedia page since 2007, and has a significant number of followers on social media.

27.    Given the nature of the market for Animation Block's services, the internet is an invaluable resource for its business, business goals, and outreach.

28.    Accordingly, Animation Block has achieved substantial exposure over the course of approximately twenty (20) years through their website

animationblock.com.

29.    Animation Block has taken steps to ensure that the domain animationblockparty.com automatically redirects to animationblock.com.

30.    Furthermore, Animation Block uses the animationblock.com domain for outreach and for point of contact purposes, where the general email address of Animation Block is info@animationblock.com and animationblockparty@gmail.com is used for festival entries.

31.    As a result of Animation Block's continuous and exclusive use of the Marks in connection with its services, the Marks enjoy widespread and favorable public acceptance and association with Animation Block, and have come to be recognized widely and favorably by the public as an indicator of the origin of Animation Block's services.

32.    As a result of Animation Block's extensive use of and expenditure of substantial time, effort, and financial resources in promoting its Marks, Block Party Animation has built up and now owns extremely valuable goodwill that is symbolized by the Marks. The viewing and purchasing public has come to favorably associate the Marks with Animation Block and its quality services.

**Block Party Animation's Unlawful Use of Animation Block's Marks**

33.    Block Party Animation formed as an entity in Georgia and has been registered for less than one year, since August 6, 2024.

34.    In blatant disregard for Animation Block's rights, and without consent, Block Party Animation registered and is using the internet domain, BlockPartyAnimation.com ("the Domain"), which is confusingly similar to Animation Block's Marks. Exhibit D.

35.    WIPO provided the contact information for BlockPartyAnimation.com as Bryan Fordney at 1978 N Ridgeway Rd. NE,

Atlanta, GA, 30345.

36.    Upon information and belief, Bryan Fordney is the husband of the agent of Block Party Animation, Fatimah Abdullah.

37.    The User Company information for BlockPartyAnimation.com is Block Party Animation, LLC, Fatimah Abdullah, 1978 N Ridgeway Rd. NE, Atlanta, GA, 30345.

38.    BlockPartyAnimation.com was registered on or about May 19, 2024.

39.    Animation Block sent a cease-and-desist letter to Block Party Animation on February 19, 2025, notifying Block Party Animations of its infringement of Animation Block's trademark rights. Exhibit E.

40.    Block Party Animation filed an application to trademark a mark incorporating a "Block Party" literal element with an intent to use in connection with animation services on February 28, 2025. Exhibit F.

41.    BlockPartyAnimation.com is actively in use today.  Exhibit G.

42.    Block Party is using BlockPartyAnimation.com to divert internet traffic from Plaintiff's domains AnimationBlock.com and AnimationBlockParty.com and/or to offer services that compete with Animation Block.

43.    Block Party Animation has no legitimate interest in the Domain and registered the Domain with bad faith intent to profit off Animation Block's goodwill.

44.    Block Party Animation's actions cause confusion and irreparable harm to Animation Block.

45.    The likelihood of confusion, mistake, and deception engendered by Block Party Animation's infringement of the Marks is causing irreparable harm to the goodwill symbolized by the Marks and the reputation for quality

that they embody.

46.    A WIPO domain name dispute panel found that "[blockpartyanimation.com] is confusingly similar to the Marks for the purposes of the Policy. WIPO Overview 3.0, section 1.7." Exhibit H at 4.

47.    During the domain name dispute process before WIPO, the Panel wrote in its decision, "The Panel notes that [Block Party Animation's] own declaration confuses the Parties' domain names. [Block Party Animation] declares, presumably in error, that 'I purchased the domain animationblockparty.com in May 2024.'" *Id.*

48.    In fact, Animation Block registered www.animationblockparty.com on November 19, 2004.

49.    Without doubt, Block Party Animation had knowledge of and was very familiar with the Marks when it registered its infringing domain name.

50.    In a LinkedIn exchange that occurred around February 14, 2025, Ashley Davis, an employee of Block Party Animation, announced on LinkedIn that "I've joined on the ground floor of Atlanta's newest studio, Block Party." Her title was listed as "Head of Production | Block Party Animation." A few weeks later, a LinkedIn connection responded with congratulations, but added: "Can't hear the name and not think of Animation Block Party out of Brooklyn-y'all in cahoots by chance.? I was the Festival Manager there for three years; great folks there too!" Fatimah Abdullah of Block Party Animation responded: "Hi! Cahoots in spirit for sure #AnimationAgenda We'd love to connect with them in real time!" Exhibit I.

51.    Block Party Animation intentionally adopted and used a confusingly similar imitation of the Marks knowing that the infringing Domain would mislead and deceive consumers into believing that Block Party Animation was associated, or in "cahoots," with Animation Block and its

services were provided by Animation Block.

52.    Among other relief, Animation Block asks this Court to: (a) preliminarily enjoin Block Party Animation from using Animation Block's Marks and from use of the Domain; (b) permanently enjoin Block Party Animation from using Animation Block's Marks and from use of the Domain and enjoin Block Party Animation to transfer the Domain to Animation Block; (c) award Animation Block monetary damages and to treble that award; (d) require Block Party Animation to disgorge all profits from the use of Animation Block's Marks including use of the Domain; and (e) award Animation Block punitive damages, attorneys' fees, and costs.

## COUNT ONE: FEDERAL TRADEMARK INFRINGEMENT

53.    The allegations of paragraphs 1-52 are incorporated for this Count One as though fully set forth herein.

54.    As its first ground for relief, Animation Block alleges federal trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Notwithstanding Animation Block's established rights in the Marks, and without consent, Block Party Animation adopted and used the confusingly similar mark, trade name, and domain name BLOCK PARTY, BLOCK PARTY ANIMATION, and blockpartyanimation.com in interstate commerce in connection with the sale and offering for sale of animation production services.

56.    Block Party Animation's use of blockpartyanimation.com, BLOCK PARTY, and BLOCK PARTY ANIMATION in connection with services of producing animated content creates actual confusion with

Animation Block's Marks and related services offered via animationblockparty.com and animationblock.com.

57.    On information and belief, Block Party Animation had knowledge of and was familiar with the Marks when it registered its infringing domain name.

58.    Block Party Animation uses the same sales and advertising methods and media as Animation Block to promote its services, including social media, such as LinkedIn, and the internet.

59.    Block Party Animation targets some of the same customers as Animation Block, including consumers of animated content.

60.    Block Party Animation has listed PBS Kids on a scrolling banner on its website. Exhibit G.

61.    GBH, the producer of signature public media distributed over YouTube, social media, television, radio, and the internet, including PBS Kids, is a corporate sponsor for Animation Block's Animation Block Party 2025. Safron Decl., ¶ 23.

62.    Block Party Animation's actions are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Block Party Animation's services are associated or connected with Animation Block, or have the sponsorship, endorsement, or approval of Animation Block.

63.    Block Party Animation's use of Animation Block's Marks is likely to cause initial interest confusion among users and potential users of Animation Block's services.

64.    Block Party Animation's animationblockparty.com is confusingly similar to Animation Block's federally registered Marks in violation of 15 U.S.C. § 1114.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

65.    Animation Block has no control over the quality of services sold by Block Party Animation and because of the source confusion caused by Block Party Animation, Animation Block has lost control over its valuable goodwill.

66.    Block Party Animation's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Animation Block's goodwill and reputation as symbolized by the Marks, for which Animation Block has no adequate remedy at law.

67.    Upon information and belief, Block Party Animation has advertised and offered its services for sale using the BLOCK PARTY and BLOCK PARTY ANIMATION marks and blockpartyanimation.com domain with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Animation Block's reputation and goodwill. Block Party Animation's actions demonstrate an intentional, willful, deliberate, and malicious intent to trade on the goodwill associated with the Marks to Block Party's great and irreparable harm.

68.    Block Party Animation's unauthorized use of BLOCK PARTY and BLOCK PARTY ANIMATION mark and blockpartyanimation.com domain in interstate commerce constitutes intentional, willful, and deliberate trademark infringement under 15 U.S.C. § 1125(a) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

69.    Animation Block has requested in writing that Block Party Animation cease and desist from its infringing actions, but Block Party Animation refused to comply with the request. Animation Block's letter to Block Party Animation is attached as Animation Block's Exhibit E.

70.    Block Party Animation filed on February 28, 2025, an application

for trademark registration at the United States Patent and Trademark Office for the BP Block Party trademark, Serial No. 99061457 on an intent-to-use (section 1(b)) basis. Exhibit F. It seeks registration for the use of the BP Block Party logo in connection with Animation production services; Production of animated movies; Media production services, namely, video and film production in class 041. *Id.* A Letter of Protest was filed before publication of the mark, and it was determined in a Letter of Protest Memorandum that some of the evidence is relevant to grounds for refusal based on likelihood of confusion with Animation Block's '372 registration.

71.    As a direct and proximate result of Block Party Animation's trademark infringement, Animation Block has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Block Party Animation has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill, including from Animation Block's promotion of the Animation Block Party 2025 festival.

72.    Block Party Animation 's trademark infringement and acts of unfair competition will cause further irreparable injury to Animation Block if Block Party Animation is not restrained by this Court from further violation of Animation Block's rights. Animation Block has no adequate remedy at law.

73.    Block Party Animation caused and is likely to continue causing substantial injury to the public and to Animation Block, and Animation Block is entitled to injunctive relief and to recover Block Party Animation's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT TWO: FEDERAL TRADEMARK DILUTION

74.    The allegations of paragraphs 1-73 are incorporated for this Count Two as though fully set forth herein.

75.    As its second ground for relief, Animation Block alleges federal trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

76.    For decades, Animation Block has exclusively and continuously promoted and used the Marks. The Marks became a famous, distinctive, and well-known symbol of Animation Block and Animation Block's services well before Block Party Animation began using the infringing domain name.

77.    Block Party Animation is making use in commerce of marks similar to Animation Block's Marks, which creates a false association with Animation Block, dilutes and is likely to dilute the distinctiveness of the Marks by eroding the public's exclusive identification of these famous Marks with Animation Block, tarnishing and degrading the positive associations and prestigious connotations of the Marks, and otherwise lessening the capacity of the Marks to identify and distinguish Animation Block's services.

78.    Block Party Animation's use of BLOCK PARTY, BLOCK PARTY ANIMATION, and blockpartyanimation.com links Animation Block's famous trademark to services of shoddy quality, resulting in tarnishment of Animation Block's Marks.

79.    Block Party Animation's unauthorized use of marks similar to Animation Block's Marks was after Animation Block's Marks became famous and well known.

80.    Block Party Animation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the

Marks or to cause dilution of the Marks to the great and irreparable injury of Animation Block.

81.    Block Party Animation has caused and will continue to cause irreparable injury to Animation Block's goodwill and business reputations, and dilution of the distinctiveness and value of Animation Block's famous and distinctive Marks in violation of 15 U.S.C. § 1125(c). Animation Block therefore is entitled to injunctive relief and to Block Party Animation's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## COUNT THREE: UNFAIR AND DECEPTIVE TRADE PRACTICES

82.    The allegations of paragraphs 1-81 are incorporated for this Count Three as though fully set forth herein.

83.    As its third ground for relief, Animation Block alleges federal unfair competition and deceptive trade practices under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.    Block Party Animation has been and is passing off its services as those of Animation Block, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Block Party Animation's services, causing a likelihood of confusion as to Block Party Animation's affiliation, connection, or association with Animation Block, and otherwise damaging the public.

85.    Block Party Animation's conduct also constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including, but not limited to, including California CAL. BUS. & PROF.

CODE § 17200, et seq. (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); and Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009).

86.    Block Party Animation's unauthorized marketing and sale of its services in interstate commerce using the BLOCK PARTY and BLOCK PARTY ANIMATION marks and blockpartyanimation.com domain constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Block Party Animation's services as originating from or connected with Animation Block in violation of 15 U.S.C. § 1125(a) and state laws. The actions of Block Party Animation as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition and deceptive trade practices.

87.    As a direct and proximate result of Block Party Animation's acts of unfair competition and deceptive trade practices, Animation Block has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Block Party Animation has unfairly acquired and will continue to unfairly acquire income, profits and goodwill.

88.    Block Party Animation's unauthorized use of a confusingly similar imitation of the Marks has caused and is likely to cause substantial injury to the public and to Animation Block.  Animation Block, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

89.    Block Party Animation's acts of unfair competition and deceptive trade practices will cause further irreparable injury to Animation Block if Block Party Animation is not restrained by this Court from further violation of Animation Block's rights. Animation Block has no adequate remedy at law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT FOUR: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

90.    The allegations of paragraphs 1-89 are incorporated for this Count Four as though fully set forth herein.

91.    Block Party Animation's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Animation Block. Animation Block has no adequate remedy at law for this injury.

92.    On information and belief, Block Party Animation acted with full knowledge of Animation Block's use of, and statutory and common law rights to, the Marks and without regard to the likelihood of confusion of the public created by Block Party Animation's activities.

93.    Block Party Animation's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Marks to the great and irreparable injury of Animation Block.

94.    As a result of Block Party Animation's acts, Animation Block has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Animation Block is entitled to injunctive relief, to an accounting of Block Party Animation's profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Animation Block's Marks, and the need to deter Block Party Animation from engaging in similar conduct in the future, Animation Block additionally is entitled to punitive damages.

## COUNT FIVE: CYBERSQUATTING (15 U.S.C. § 1125(d))

95.    The allegations of paragraphs 1-94 are incorporated for this Count Five as though fully set forth herein.

96.    As its fifth ground for relief, Animation Block alleges federal cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d).

97.    Animation Block's federally-registered Marks are distinctive and were distinctive before Block Party Animation registered the infringing domain name blockpartyanimation.com.

98.    A WIPO panel has already found that the domain name blockpartyanimation.com is confusingly similar to the Marks.

99.    Blockpartyanimation.com, registered to Block Party Animation or its proxies, is in fact confusingly similar to the Marks.

100.   Block Party Animation had and has a bad faith intent to profit from the Marks and their associated goodwill.

101.   Block Party Animation intentionally registered and used the blockpartyanimation.com to divert consumers from Animation Block's website to websites accessible under the blockpartyanimation.com for Block Party Animation's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Block Party Animation 's websites.

102.   Block Party Animation registered and uses the domain name blockpartyanimation.com which at the time of registration of blockpartyanimation.com was and remains confusingly similar to the Marks and is intended primarily to capitalize on the goodwill associated with Animation Block's mark.

103.   Block Party Animation has no rightful trademark rights in the

blockpartyanimation.com domain name.

104.   Block Party Animation had no prior use of blockpartyanimation.com in connection with the bona fide offering of any goods or services.

105.   Block Party Animation's diversion of traffic from Animation Block's website has harmed and continues to harm Plaintiff's ability to generate business and retain customers.

106.   Block Party Animation's registration and use of the blockpartyanimation.com has caused and will continue to cause damage to Animation Block, in an amount to be proven at trial, and is causing irreparable harm to Animation Block, for which there is no adequate remedy at law.

107.   Animation Block is entitled to an injunction requiring Block Party Animation to transfer blockpartyanimation.com to Animation Block and other remedies to which the Court finds that Animation Block is entitled.

## **JURY DEMAND**

Animation Block requests a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Animation Block prays for relief as follows:

A.   Entering a judgment that Plaintiff's ANIMATION BLOCK PARTY and ANIMATION BLOCK marks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

B.   Entering a judgment that Defendant's use of BLOCK PARTY, BLOCK PARTY ANIMATION, marks and the blockpartyanimation.com domain constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C.   Entering a judgment that Defendant's use of BLOCK PARTY
ANIMATION, BLOCK PARTY, and blockpartyanimation.com
constitutes common law trademark infringement and common law
unfair competition under Georgia law;

D.   Pursuant to 15 U.S.C. 1116(a), enjoining Block Party Animation and
all of its agents, officers, employees, members, representatives,
successors, assigns, attorneys, and all other persons acting for, with,
by, through or under authority from Block Party Animation, or in
concert or participation with Block Party Animation, and each of them
from: advertising, marketing, promoting, offering for sale, distributing,
importing, or selling any product or service using the Marks,
blockpartyanimation.com, BLOCK PARTY ANIMATION, or
BLOCK PARTY; using the Marks, or confusingly similar versions of
the Marks, in connection with any of Block Party Animation's
services; using the Marks or any other copy, reproduction, colorable
imitation, or simulation of the Marks on or in connection with Block
Party Animation's services or goods; using any trademark, name, logo,
design, or source designation of any kind on or in connection with
Block Party Animation's goods or services that is a copy,
reproduction, colorable imitation, or simulation of, or confusingly
similar to any of Animation Block's trademarks, trade dresses, names,
or logos; using any trademark, name, logo, design, or source
designation of any kind on or in connection with Block Party
Animation's goods or services that is likely to cause confusion,
mistake, deception, or public misunderstanding that such goods or
services are produced or provided by Animation Block, or are
sponsored or authorized by Animation Block, or are in any way

connected or related to Animation Block; using any trademark, name, logo, design, or source designation of any kind on or in connection with Block Party Animation's goods or services that dilutes or is likely to dilute any of Animation Block's trademarks, trade dresses, names, or logos; and passing off, palming off, or assisting in passing off or palming off Block Party Animation's goods or services as those of Animation Block, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

E.   Pursuant to 15 U.S.C. § 1116(a), directing Block Party Animation to file with the Court and serve on Animation Block within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Block Party Animation has complied with the injunction;

F.   Pursuant to 15 U.S.C. § 1118, requiring that Block Party Animation and all others acting under Block Party Animation's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing an infringing designation;

G.   Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Block Party Animation any trademark registration containing BLOCK PARTY or BLOCK PARTY ANIMATION or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Animation Block's Marks, including, but not limited, to Serial No. 99061457 for BP Block Party, and ordering cancellations of any such registrations previously granted to Block Party Animation;

H.   Ordering Defendant to transfer the domain name,

blockpartyanimation.com, to Animation Block, or in the alternative ordering the cancellation or forfeiture of the domain name registration;

I.  Compelling Block Party Animation to account to Animation Block for any and all profits derived by Block Party Animation from the use of blockpartyanimation.com;

J.  Awarding Animation Block all damages caused by the acts of Block Party Animation forming the basis of this Complaint;

K.  Trebling the damages awarded based on Block Party Animation's knowing and intentional use of a confusingly similar imitation of the Marks and awarding Block Party Animation's profits, enhanced as provided for by 15 U.S.C. § 1117(a), or in the alternative statutory damages of $100,000 per domain name, as elected by Plaintiff;

L.  Requiring Block Party Animation to pay to Animation Block the costs and reasonable attorneys' fees incurred by Animation Block in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

M.  Awarding punitive damages to Animation Block based on Block Party Animation's willful and deliberate infringement and/or dilution of the Marks, and to deter such conduct in the future;

N.  Awarding to Animation Block prejudgment and post-judgment interest on all monetary awards; and

O.  Granting to Animation Block any other relief which the Court may deem just.

1

Dated:  July 16, 2025                    WEINSTEIN IP LAW LLC

2

3
                                        By:/s/ Douglas S. Weinstein
4
                                            Douglas S. Weinstein, GA Bar 746498

5
                                        Weinstein IP Law LLC
6                                       130 Cone Street, Suite A
                                        Atlanta, Georgia 30303.
7

8
                                        HAYES SOLOWAY P.C.
9

10                                      By:/s/ Todd A. Sullivan
                                            Todd A. Sullivan
11                                      *pro hac vice application to be filed*
12                                      tsullivan@hayes-soloway.com
                                        Hayes Soloway P.C.
13                                      175 Canal Street
14                                      Manchester, NH 03101
                                        Telephone (603)668-1400
15

16                                      Attorneys for Plaintiff Animation Block LLC

17

18

19

20

21

22

23

24

25

26

27

28